# UNITED STATES DISTRICT COURT
# DISTRICT OF NEVADA

BRIAN KAMEDULA,

    Petitioner,

vs.

GREG SMITH, et al.,

    Respondents.

Case No. 3:10-CV-00153-LRH-(RAM)

**ORDER**

Petitioner has paid the filing fee (#4). The court has reviewed his petition for a writ of habeas corpus pursuant to Rule 4 of the Rules Governing Section 2254 Cases in the United States District Courts. Petitioner must show cause why the court should not dismiss this action as untimely.

Congress has limited the time in which a person can petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2254:

> A 1-year period of limitation shall apply to an application for a writ of habeas corpus by a person in custody pursuant to the judgment of a State court. The limitation period shall run from the latest of—
> (A) the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;
> (B) the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such State action;
> (C) the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or
> (D) the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.

28 U.S.C. § 2244(d)(1). A judgment, if appealed, becomes final when the Supreme Court of the United States denies a petition for a writ of certiorari or when the time to petition for a writ of certiorari expires. Bowen v. Roe, 188 F.3d 1157, 1158-60 (9th Cir. 1999). See also Sup. Ct. R. 13(1). If the date on which the period would commence occurred before enactment of § 2244(d)(1) on April 24, 1996, then the period commenced on the next day, April 25, 1996. Patterson v. Stewart, 251 F.3d 1243, 1246 (9th Cir. 2001). Any time spent pursuing a properly-filed application for state post-conviction review or other collateral review does not count toward this one-year limitation period. 28 U.S.C. § 2244(d)(2). The period of limitation resumes when the post-conviction judgment becomes final upon issuance of the remittitur. Jefferson v. Budge, 419 F.3d 1013, 1015 n.2 (9th Cir. 2005). An untimely state post-conviction petition is not "properly filed" and does not toll the period of limitation. Pace v. DiGuglielmo, 544 U.S. 408, 417 (2005). A prior federal habeas corpus petition does not toll the period of limitation. Duncan v. Walker, 533 U.S. 167, 181-82 (2001). Equitable tolling of the period might be available, but the petitioner must show "(1) that he has been pursuing his rights diligently, and (2) that some extraordinary circumstance stood in his way." Pace, 544 U.S. at 418. The petitioner effectively files a federal petition when he mails it to the court. Stillman v. Lamarque, 319 F.3d 1199, 1201 (9th Cir. 2003). The Court can raise the issue of timeliness on its own motion. Day v. McDonough, 547 U.S. 198, 209 (2006); Herbst v. Cook, 260 F.3d 1039, 1043 (9th Cir. 2001).

Pursuant to a guilty plea, the Eighth Judicial District Court of the State of Nevada convicted petitioner of sexual assault. That court entered its judgment of conviction on August 4, 1987. Petitioner did not appeal from that judgment. Petitioner filed a post-conviction habeas corpus petition in state court on July 16, 2009. The petition was denied. Petitioner appealed, and the Nevada Supreme Court affirmed on March 10, 2010. The Nevada Supreme Court held that the petition was untimely pursuant to Nev. Rev. Stat. § 34.726.

On its face, the petition is untimely. The judgment of conviction became final before enactment of § 2244(d)(1), and so the period of limitation commenced on April 25, 1996. Patterson, 251 F.3d at 1246. Petitioner had nothing pending in the state courts for the next year, and thus the period of limitation appears to have expired on April 25, 1997. For two reasons,

petitioner's state habeas corpus petition did not effect the running of this period.  First, the period of limitation had run out more than twelve years before petitioner filed his state petition, and thus there was nothing left to toll.  Jiminez v. Rice, 276 F.3d 478, 482 (9th Cir. 2001).  Second, the state petition was untimely, and untimely state petitions do not toll the federal period of limitation.  Pace, 544 U.S. at 417.  The current federal petition is around thirteen years late.  Petitioner must show cause why the court should not dismiss this action as untimely.

    IT IS THEREFORE ORDERED that the Clerk of the Court shall file the petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2254.

    IT IS FURTHER ORDERED that petitioner shall show cause why the court should not dismiss this action as untimely.  Petitioner shall have thirty days from the date of entry of this order to comply.  Failure to comply will result in the dismissal of this action.

    DATED this 26th day of April, 2010.

_____
LARRY R. HICKS
United States District Judge