# UNITED STATES DISTRICT COURT
# DISTRICT OF NEVADA

BRIAN KAMEDULA,

    Petitioner,

vs.

GREG SMITH, et al.,

    Respondents.

Case No. 3:10-CV-00153-LRH-(RAM)

**ORDER**

    The court instructed petitioner to show cause why the action should not be dismissed as untimely. Order (#6). Petitioner has submitted a reply (#8). The court concludes that the action is untimely, and the court dismisses the action.

    The court noted that petitioner's state habeas corpus petition could not toll the period of limitations because the period had expired long before petitioner had filed his state petition and because the state petition was untimely and thus not properly filed for the purposes of 28 U.S.C. § 2244(d)(2). Petitioner argues that the state statute of limitation, Nev. Rev. Stat. § 34.726, is not an adequate and independent state-law ground for denying relief. Petitioner has confused procedural default with timeliness. In procedural default, a federal court will not review a claim for habeas corpus relief if the decision of the state court regarding that claim rested on a state-law ground that is independent of the federal question and adequate to support the judgment. Coleman v. Thompson, 501 U.S. 722, 730-31 (1991). No such analysis is necessary for whether a state habeas corpus petition tolls the federal period of limitation: "When a postconviction petition is untimely under state law, 'that [is] the end of the matter' for purposes of § 2244(d)(2)." Pace v.

1  DiGuglielmo, 544 U.S. 408, 414 (2005) (quoting Carey v. Saffold, 536 U.S. 214, 226 (2002)).
2  Because the Nevada Supreme Court determined that the state habeas corpus petition was untimely,
3  it does not toll the period of limitation pursuant to § 2244(d)(2).
4      The court is not persuaded by petitioner's argument that counsel failed to follow instructions
5  to appeal from the judgment of conviction.  Counsel's inaction might have deprived petitioner of a
6  direct appeal, but it did not prevent him from filing a timely federal habeas corpus petition.  Randle
7  v. Crawford, 604 F.3d 1047, 1056, 1058 (9th Cir. 2010).  This conclusion is even stronger in
8  petitioner's case than it was in Randle.  The period of limitation did not start to run until the period
9  of limitation was enacted on April 25, 1996.  Patterson v. Stewart, 251 F.3d 1243, 1246 (9th Cir.
10 2001).  Petitioner had almost ten years from the finality of his judgment of conviction in 1987 to
11 commence a federal habeas corpus petition.  Whatever his counsel did long ago had no effect upon
12 his ability to file timely a habeas corpus petition in this court.
13     Reasonable jurists would not disagree with the court's conclusion, and the court will not
14 issue a certificate of appealability.
15     Petitioner has submitted a motion for appointment of counsel and a motion for bail.  These
16 motions are moot because the court is dismissing the action.
17     IT IS THEREFORE ORDERED that the clerk of the court file the motion for appointment
18 of counsel and a motion for bail.
19     IT IS FURTHER ORDERED that the motion for appointment of counsel and a motion for
20 bail are **DENIED** as moot.
21     IT IS FURTHER ORDERED that this action is **DISMISSED** with prejudice as untimely.
22 The clerk of the court shall enter judgment accordingly.
23     IT IS FURTHER ORDERED that a certificate of appealability is **DENIED**.
24     DATED this 23rd day of September, 2010.

_____
LARRY R. HICKS
UNITED STATES DISTRICT JUDGE